# United States District Court
# Western District of Washington, Seattle Division

| | |
|---|---|
| Marcie Cooperman, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Legend Makers, LLC,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

## Introduction

1. Marcie Cooperman ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Legend Makers, LLC ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone via text messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon

information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent texts like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue is proper in the United States District Court for the Western District of Washington pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of King, State of Washington because it conducts business is in the County of King, State of Washington.

## Parties

6. Plaintiff is, and at the majority of the time mentioned herein was, a resident of the City of Los Angeles, County of Los Angeles, State of California.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Defendant is located in the City of Seattle, in the State of Washington.

9. Defendants are, and at all times mentioned herein were, corporations and each was a "person," as defined by 47 U.S.C. § 153 (39).

10. At all times relevant, Defendants conducted business in the State of Washington and in the County of King, within this judicial district.

## Factual Allegations

11. From December 9, 2016 through October 2018, Defendant sent texts to Plaintiff on Plaintiff's cellular telephone number ending in 4204 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

12. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

13. Prior to December 2016, Plaintiff believes she visited Defendant's place of business.

14. On or about December 9, 2016 Plaintiff started receiving text messages from Defendant attempting to solicit Plaintiff's business.

15. Plaintiff received texts on approximately a weekly basis from December 9, 2016 to October 2018.

16. Plaintiff estimates she received approximately 120 texts from Defendant.

17. Upon information and belief, the SMS text messages were sent using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

18. Upon information and belief, the SMS text messages were sent using equipment that can send a text message to cellular telephone numbers stored as a list or database without human intervention.

19. On or about August 20, 2018, Plaintiff, through her attorney sent a revocation and demand letter to Defendant.

20. In this August 20, 2018 letter, Plaintiff indicated that these text messages sent by Defendant were without Plaintiff's prior express written consent.

21. Despite Plaintiff sending this revocation letter to Defendant, Defendant continued to send text messages to Plaintiff on approximately a weekly basis.

22. Plaintiff received approximately 21 text messages from Defendant after sending the revocation letter to Defendant.

23. Plaintiff revoked any consent Defendant may have had previously on August 20, 2018, if not previously, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. After sending the revocation letter, Defendant sent approximately 10 text messages to Plaintiff.

25. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

26. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted Plaintiff with an unwanted text message using an ATDS.

27. Defendant's text messages forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

28. Defendant's text messages to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission.

29. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's economic benefit.

30. These SMS text messages made by Defendant or its agents were sent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**Class Action Allegations**

31. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

32. Plaintiff represents, and is a member of the Class, consisting of:

    All persons within the United States who received any text messages from Defendant or its agent/s and/or employee/s and revoked consent for Defendant to send texts to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using SMS text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any

recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

   Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited SMS text message/s to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular telephone service;

   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. As a person who received at least one SMS text message utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a

result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause of Action
## Negligent Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

## Knowing and/or Willful Of The

## Telephone Consumer Protection Act (TCPA)

## 47 U.S.C. 227

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff made several requests for Defendant to stop sending text messages to her cellular telephone.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## First Cause of Action for Negligent Violation of
## the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## Second Cause of Action For Knowing and/or Willful Violations of
## the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## Trial By Jury

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group**

Date: December 6, 2018          By: */s/ Ryan L. McBride*
                                Ryan L. McBride
                                Attorneys for Plaintiff

                                *By: /s/ Joshua B. Swigart*
                                Joshua B. Swigart, Esq. (SBN 49422)
                                josh@westcoastlitigation.com

**Hyde & Swigart**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

By: */s/Abbas Kazerounian*
Abbas Kazerounian (SBN 48522)
ak@kazlg.com
Ryan L. McBride (SBN 50751)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff